B'NAI ISRAEL v. JOSEPH GARNEAU, SR.

FILED JUNE 21, 1895.   No. 5228.

Review: CONFLICTING EVIDENCE.  In this case there is presented solely a question of fact determined by a jury upon the consideration of conflicting evidence.   The judgment upon the verdict will not be disturbed under such circumstances.

ERROR from the district court of Douglas county.   Tried below before DOANE, J.

*Ambrose & Duffie*, for plaintiff in error.

*J. W. West* and *Charles Ogden, contra.*

RYAN, C.

The defendant in error sued the plaintiff in error in the county court of Douglas county for rent alleged to be due at the rate of $50 per month.   Upon appeal from the judgment of the county court there was a verdict and judgment for $66.65, which was upon the basis of $50 per month.

In the fall of 1888 a parol lease was made between the parties to this suit, for the use of the building leased for church purposes. The rate per month was $35. The lessee insists that there was a contract of lease for the term of one year. The lessor contends that there was no fixed term other than from month to month. The plaintiff in error paid at the rate of $35 per month up to June 1, 1889. The evidence adduced by the defendant in error was to the effect that in the early part of May of the year just named plaintiff in error by its agent paid the rent for that month; that this agent was then informed by the agent of the defendant in error that the monthly rental for June and thenceforward would be $50; that the plaintiff in error could not have the property at a less rate, and that, upon this proposition being submitted to the assembled members of the plaintiff in error, it was assented to, and that the use of the building afterwards was by virtue of the new agreement as to monthly rentals. The theory in support of which the plaintiff in error introduced its evidence was that the original lease was for the term of one year from October 1, 1888, at the rate of $35 a month, payable monthly; that the change to $50 a month was but an arbitrary attempt on the part of Garneau to exact the additional $15 per month, and that this was never assented to by the plaintiff in error. On this theory there is argued the necessity of notice to terminate the original tenancy, and other kindred propositions. By the instructions of the court the law applicable to the theory of each party was fairly stated, and the verdict settled the contested question of fact, approved as it was by the ruling made upon the motion for a new trial. The judgment of the district court is

AFFIRMED.